THE STATE OF NEVADA, ON THE RELATION OF NOR-
MAN W. BLAD, RELATOR, *v.* GLEN JONES, HAR-
LEY E. HARMON, RODNEY COLTON, GEORGE
H. ALBRIGHT, AND ROGER D. FOLEY, AS MEM-
BERS OF THE COUNTY LIQUOR LICENSING BOARD,
COUNTY OF CLARK, STATE OF NEVADA, RESPOND-
ENTS.

No. 3764

October 1, 1953.                    261 P.2d 519.

*Morse & Graves,* of Las Vegas, for Relator.

*Robert E. Jones* and *Marion B. Earl,* for Respondents
Glen Jones, Harley E. Harmon, Rodney Colton and
George H. Albright.

*Roger D. Foley,* of Las Vegas, appearing in proper
person and for himself alone.

## O P I N I O N

*Per Curiam:*

Relator seeks to secure from the County Liquor Licensing Board of Clark County a license to dispense liquors at a location within the unincorporated town of Mesquite, which license the board has heretofore denied him. In this matter, in his petition to this court for writ of mandate, he contended that he had been denied proper hearing before the board and that his application for a license had not received proper consideration. He further asserted that his license had arbitrarily and improperly been refused since such refusal was for the sole reason that the board had determined to grant no such licenses within the town of Mesquite. This court thereupon, in response to the prayer of relator's petition, issued an alternative writ of mandate directed to respondents as such board, in effect commanding them to grant hearing and give consideration to the application of relator or, in the alternative, show cause why they should not. In order that the propriety of their alleged refusal to grant such licenses within the town of Mesquite might be examined, we further directed them, pending determination of that question by this court, not to reject the application of relator upon that ground alone.

Respondents have answered asserting that since issuance of the writ and in response to its command a hearing has been granted to relator at which his application was considered and rejected; that among the determinations of the board upon which its action was based were the following: that the granting of a license at the proposed location would tend to create a traffic hazard, a law enforcement problem, a disorderly house and a public nuisance; that it would tend to increase drunken and reckless driving upon a transcontinental highway; that the proposed location is not suitable in that it is in the vicinity of many homes. It is therefore apparent

that the command of the alternative writ has been met; that that writ has fulfilled its function.

Replying to the answer of respondents relator has challenged the propriety of respondents' action and asserts that by virtue of facts which he now alleges to exist, and evidence of which he has tendered by way of exhibits, he may not now properly be refused a license. He now asks leave of this court to amend his petition to ask a writ of mandate compelling the issuance of the license to him.

This appeal to our discretion we must reject. It is clear that the controversy which now exists is an entirely different one from that over which we accepted jurisdiction in issuing our alternative writ. As we have noted, that writ has now fulfilled its function. In our view it is not now a proper subject for amendment. In our view these proceedings, having fully accomplished their original purpose, should not now be reformed to provide the framework for determination of a new controversy nor issuance of a new and different writ.

Furthermore it is apparent from relator's reply that a determination of this new dispute may well depend upon the resolving of issues of fact by original determination of the court entertaining the matter, to which end evidence must be received, considered and weighed by that court as a fact-finding agency. Concurrent jurisdiction in mandamus is held by the district courts to which no resort has yet been had in this matter. It is the practice of this court in exercise of its discretion to refuse to accept original jurisdiction in the first instance under these circumstances.

Relator's petition for leave to amend is denied.

These proceedings are hereby dismissed without costs to any party.